UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SLAWOMIR PAWLOWSKI,<br><br>Plaintiff,<br><br>v.<br><br>EQUIFAX, INC.<br><br>Defendant. | Case No. |

# COMPLAINT

NOW COMES Plaintiff, SLAWOMIR PAWLOWSKI ("Plaintiff"), by and through his attorneys, hereby alleging the following against EQUIFAX, INC. ("EQUIFAX" or "Defendant").

### Nature of the Action

1. This action arises pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

### Parties

2. Plaintiff is a natural person at all times relevant residing in Greenville County, in the City of Piedmont, in the State of South Carolina.

3. At all times relevant, Plaintiff was a "consumer" as that term is defined

by 15 U.S.C. § 1681(a)(c).

4. Defendant EQUIFAX is a corporation conducting business in the State of South Carolina and is headquartered in Atlanta Georgia.

5. Defendant EQUIFAX is a "person" as that term is defined by a consumer reporting agency as that term is defined 15 U.S.C. § 1681a(b).

6. Defendant EQUIFAX is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d), to third parties.

7. Defendant EQUIFAX furnishes such consumer reports to third parties under contract for monetary compensation.

8. Defendant EQUIFAX is a "consumer reporting agency" ("CRAs") as that term is described in 15 U.S.C. § 1681a(f).

## Jurisdiction and Venue

9. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

10. Venue is proper pursuant to 28 U.S.C § 1391(b) as the conduct giving rise to this action occurred in this District because Defendant is headquartered within this District and a substantial part of the events or omissions giving rise to

the herein claims occurred, or a substantial part of property that is the subject of the action is situated within this District.

## Facts

11. Plaintiff is a consumer who is the victim of inaccurate reporting by EQUIFAX regarding a credit account he had with Truist Bank ("Truist"), settled with Truist and paid to Truist.

12. CRAs, including EQUIFAX have a duty under the FCRA to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681(e)(B).

13. Further, both CRAs and Furnishers (persons, as that term is defined by 15 U.S.C. 1681a, that furnish information to the CRAs) have a duty to conduct a reasonable investigation when notified of disputed information found on a consumer credit report.

14. Further, Furnishers are prohibited from furnishing information it knows or should know is inaccurate.

15. Here, Plaintiff is a victim of inaccurate reporting regarding an account he had with Truist, an inaccuracy found in his credit report published by EQUIFAX. The following is a description of the inaccuracies and failures of the Defendant to investigate and update their reporting of the account in question:

16. On or about October 16, 2024, Plaintiff and Truist settled an account ending in 0075 (the "Account") for one thousand three hundred thirty-two dollars ($1,332.00).

17. Per the terms of the settlement, Plaintiff made a lump sum payment of one thousand three hundred thirty-two dollars ($1,332.00) on November 6, 2024, and thereby satisfied the agreement.

18. On or about July 17, 2025, Plaintiff received a copy of his credit report from EQUIFAX.

19. To his surprise, despite Plaintiff's performance under the terms of the agreement, EQUIFAX showed an inaccurate status of the Account.

20. Specifically, EQUIFAX reported the Account with a current status of "Collection and Charge-Off", a balance owed of $3,327.00 and failed to report the payment that was made to satisfy the Account.

21. EQUIFAX's failure to report the Account correctly and failure to report the accurate status, accurate balance, and failure to report the payment Plaintiff made on the Account harmed Plaintiff's credit score and would, at the least, mislead any third-party reviewing Plaintiff's credit history.

22. On July 18, 2025, Plaintiff issued a dispute by mail to EQUIFAX regarding the inaccurate information being reported on the Account.

23. His dispute was received on or about July 25, 2025.

24. In his dispute letter, Plaintiff disputed the inaccurate entry in his credit report that the Account was in a "Charged Off" status and that a balance was owed on the Account. In his dispute he included proof of the agreement between him and Truist and proof of the payment made in satisfaction of the agreement.

25. Upon information and belief, pursuant to their obligation under the FCRA, EQUIFAX notified Truist of Plaintiff's dispute within five days of receipt of the disputes.

26. Further, upon information and belief, EQUIFAX would have sent the documentation Plaintiff included in his dispute letter to Truist, including the terms of the settlement and proof of payment.

27. Despite his very specific dispute and accompanying documents supporting his dispute, the response Plaintiff received from EQUIFAX reiterated the same inaccuracies he had disputed.

28. At the time of the filing of this complaint, EQUIFAX continues to report the Account as having a current status of "Collection/Charge-off," having a balance owed of $3,327.00, and misreporting the payment history of the account.

29. Further, after receiving Plaintiff's dispute concerning the inaccurate information of the Account, EQUIFAX is required to follow reasonable procedures

to assure maximum possible accuracy in the preparation of the credit report and credit file(s) it published and maintained concerning Plaintiff. 15 U.S.C. § 1681e(b).

30. If EQUIFAX would have complied with their statutory duties, inaccurate information concerning the Account would not have been reported despite notice from Plaintiff.

31. As a result of this conduct and action and inaction of Defendant, Plaintiff suffered damage by loss of the ability to purchase and benefit from credit, and mental and emotional distress.

32. Further, Plaintiff has been hesitant to apply for any new credit until this inaccuracy is resolved.

## COUNT I – EQUIFAX
## Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681e(b)

33. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-32.

34. After receiving Plaintiff's dispute, EQUIFAX failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

35. EQUIFAX violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report(s) and credit file(s) that EQUIFAX published and maintained concerning Plaintiff.

36. As a result of this conduct, action and inaction of EQUIFAX, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

37. EQUIFAX's conduct, action, and inaction were willful, rendering Defendant EQUIFAX liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

38. In the alternative, EQUIFAX was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

39. Plaintiff is entitled to recover costs and attorneys' fees from EQUIFAX, pursuant to 15 U.S.C. §1681n and/or §1681o.

### COUNT II – EQUIFAX
### Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681i

40. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-32.

41. After receiving Plaintiff's dispute, EQUIFAX failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

42. Defendant EQUIFAX violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such

inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

43. As a result of this conduct, action and inaction of EQUIFAX, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

44. EQUIFAX's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

45. In the alternative, Defendant EQUIFAX was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

46. Plaintiff is entitled to recover costs and attorneys' fees from Defendant EQUIFAX pursuant to 15 U.S.C. §1681n and/or §1681o.

## Prayer For Relief

WHEREFORE, Plaintiff respectfully requests judgment be entered against Defendant for negligent or willful noncompliance with the Fair Credit ReportingAct and prays for the following:

a) Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

b) Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

c) The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

d) Any further legal and equitable relief as the court may deem just and proper in the circumstances.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted,

Dated: January 24, 2026

By: *Mark A. Carey*
Mark A. Carey
Law Offices of Mark Carey
5600 Roswell Road, Building C
Sandy Springs, GA 30342
Tel: (716) 853-9243
Email: markcareylaw@ymail.com

Attorneys for Plaintiff,
SLAWOMIR PAWLOWSKI